UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTEN ORTIZ, on behalf of her minor son, M.O.,<br><br>　　　　　　Plaintiff,<br><br>-against-<br><br>NEWBURGH ENLARGED CITY SCHOOL DISTRICT, NEWBURGH ENGLARGED CITY SCHOOL DISTRICT BOARD OF EDUCATION, RODERICK PHOENIX, BECKNER JOSEPH, ERIKA BERRIOS, ELIZABETH DEFRANCESCO, and CHRISTOPHER BAYER,<br><br>　　　　　　Defendants. | No.  7:25-cv-06878-CS<br><br><br>**STIPULATION AND PROTECTIVE ORDER CONCERNING DISCOVERY OF CONFIDENTIAL MATERIAL, PERSONALLY IDENTIFIABLE INFORMATION, AND EDUCATION RECORDS** |

**WHEREAS,** Plaintiff Kristen Ortiz, on behalf of her minor son, M.O., ("Plaintiff") and Defendants Newburgh Enlarged City School District, Newburgh Enlarged City School District Board of Education, Roderick Phoenix, Beckner Joseph, Erika Berrios, Elizabeth DeFrancesco, and Christopher Bayer ("Defendants," collectively with Plaintiff, the "Parties") have may make demands of each other for certain documents including without limitation confidential, proprietary, or otherwise sensitive information, documentation, or files;

**WHEREAS,** discovery in and trial of the above-captioned action may require the production and use of documents and/or other information pursuant to Rules 26, 30, 33, and 34 of the Federal Rules of Civil Procedure that contain information deemed confidential, private, or otherwise inappropriate for public disclosure;

1

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for Plaintiff and Defendants, as follows:

I.     **Definitions.** As used herein:

1.     The term "Action" shall mean the pending action between Plaintiff and Defendants, captioned *Ortiz v. Newburgh Enlarged City School District, et al.*, No. 7:25-cv-06878-CS.

2.     The term "document" shall have the meaning set forth in Rule 34(a)(l)(A) of the Federal Rules of Civil Procedure.

3.     The term "Producing Party" shall mean the parties to this action and any third parties producing "Confidential Materials" in connection with depositions, document subpoenas, or otherwise.

4.     The term "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Materials" in connection with depositions, document subpoenas, or otherwise.

5.     The term "Education Records" shall have the meaning set forth in 20 U.S.C. § 1232g(a)(4).

6.     The term "Personally Identifiable Information" shall have the meaning set forth in 34 C.F.R. § 99.3.

7.     The term "Confidential Materials" shall include documents containing the following information, when so designated by the Producing Party:

    a. Educational, medical, and mental health records pertaining to M.O.;

    b. Documents concerning M.O.'s disabilities or Individual Education Plan;

    c. Education Records containing Personally Identifiable Information concerning students other than M.O.;

    d. Social Security Numbers, identification numbers, financial account or transaction information, health information, criminal history information, and other similarly sensitive non-public information concerning any person; and

    e. Documents ordered by the Court to be treated as Confidential under this Stipulation and Order.

## II.    Procedures for Designation and Use of Confidential Materials

8.    To obtain the confidentiality protections conferred by this Stipulation and Order, the Producing Party must designate Confidential Materials, using a clear written "Confidential" legend or annotation on the document in a manner so as not to interfere with the legibility thereof, or, only if that is not feasible, may designate such documents by title or Bates number, in a writing directed to the Receiving Party's attorneys.

9.    A party may also designate deposition transcripts and exhibits as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will mark the transcript of the designated testimony (consisting of question and answer) as

"Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days following a deposition of the specific pages a lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit in their possession or under their control as directed by the Producing Party. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

10.     Irrespective of any purported designation pursuant to this Stipulation and Order, documents and information shall not be deemed Confidential Materials to the extent that they are: (a) obtained by a party from non-party sources other than through the discovery process or (b) are otherwise publicly available.

11.     The parties' attorneys shall not use Confidential Materials produced by another party for any purpose other than for the preparation, settlement, or presentation of their case in this Action. Nothing in this Protective Order shall limit a party's ability to use, for any purpose outside of this Action, documents that party has produced or deposition testimony that party alone has designated as Confidential Materials.

12.     In the event a party disagrees with the Producing Party's designation of Confidential Materials, the disagreeing party shall notify the Producing Party of such disagreement in writing no later than thirty (30) days prior to the close of discovery. The Parties shall first meet and confer in a good-

faith effort to resolve such disputes on an informal basis. If the dispute cannot be resolved within fourteen (14) days, the Producing Party must seek affirmative relief from the Court permitting the Producing Party to designate the matter in question as Confidential Materials. The Producing Party's failure to seek relief from the Court within fourteen (14) days of receipt of such written notice shall constitute a waiver of the asserted confidentiality. The party asserting the confidentiality shall bear the burden of demonstrating the propriety of the designation to the satisfaction of the Court. If the Producing Party seeks relief from the Court within the time period set forth above, until any dispute under this paragraph is either resolved informally or ruled upon by the Court, the Producing Party's initial designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required under this Order.

13.    Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Materials shall not be furnished, shown, or disclosed to any person or entity except to:

    a. The Parties and personnel of the Parties engaged in assisting in the preparation of this Action for trial or other proceeding herein and who have been advised of their obligations hereunder;

    b. Counsel for the parties to this action and District General Legal Counsel, and their associated attorneys, paralegals, and other professional personnel (including support staff);

c. Any third-party vendor providing photocopying, data processing, or graphic production services hired by counsel to assist in discovery management and/or trial preparation;

d. The Court and court personnel;

e. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

f. The defendants' insurance company, including New York Schools Insurance Reciprocal; and

g. Trustees of the District's Board of Education

h. Deposition or trial witnesses or persons contacted by a party based on a good faith belief that such persons may become witnesses at trial or depositions, and affiants except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information;

i. An expert who has been retained or specifically employed by counsel in anticipation of litigation or preparation of this Action (including consulting experts);

14. Before any disclosure is made pursuant to sections 13(h)-(j) above, the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for

any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by that party's attorneys and a copy shall be furnished to the Producing party upon request, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such consent before it is produced. Nothing in this provision shall require disclosure by a party of the identity of non-testifying experts and/or consultants.

15.    Any party seeking to file a document containing Confidential Materials with redactions or under seal shall proceed in accordance with Part 11 of the Individual Rules of Practice of Judge Cathy Seibel. Where reasonable advance notice is given and the parties agree in writing to the unrestricted use of the Confidential Materials in support of a motion for summary judgment or any other dispositive motion or at a trial on the merits in this matter, such information will not be subject to the protections conferred by this Stipulation and Order.

16.    Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the Producing Party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

17. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant, discoverable, or admissible. Each party specifically reserves the right to object to the production and/or use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

## III. Procedures Concerning Disclosure of Education Records Protected by the Family Educational Rights and Privacy Act ("FERPA")

18. Plaintiff consents to the disclosure by Defendants of any Education Records concerning M.O. as reasonably necessary to litigate the Action, provided that such records are treated as Confidential Materials pursuant to this Stipulation and Order.

19. This Stipulation and Order shall constitute a "judicial order" within the meaning of 34 C.F.R. § 99.31(a)(9)(i).

20. To comply with their obligations under FERPA, Defendants shall take reasonable steps to identify any students whose Personally Identifiable Information is contained in Education Records that may be disclosed during discovery in the Action. Within fourteen (14) days after the date this Stipulation and Order is so-ordered, Defendants shall, pursuant to 34 C.F.R. § 99.31(a)(9)(ii), make reasonable efforts to notify any such students, or the parent(s) or guardian(s) of such students who are under eighteen, of this Order and of the possibility of disclosure. Mailing a written notice to the last known home addresses of the students identified pursuant to this paragraph shall constitute "reasonable efforts" within the meaning of 34 C.F.R. § 99.31(a)(9)(ii).

Such notices shall advise the recipients that they are free to consult with an attorney about their rights under FERPA and, as appropriate, raise any objections to disclosure with the Court.

21.    If no objection to disclosure is received by the Court or by any party or its counsel within twenty-eight (28) days after this Stipulation and Order is so-ordered, all otherwise discoverable Education Records containing Personally Identifiable Information shall be designated as Confidential Materials and disclosed.

## IV.    Termination

22.    Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Materials produced or designated and all reproductions thereof, shall be returned to the Producing Party's attorneys or destroyed. Notwithstanding anything to the contrary, the Receiving Party's attorney may retain documents constituting work product, including pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of the Confidential Materials for any purpose. Any such copies that contain or constitute Confidential Materials remain subject to this Stipulation of Confidentiality and Protective Order.

23.    This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

24. This Stipulation may be executed in counterparts, which together shall constitute one agreement, and execution by facsimile shall be deemed proper execution of this Stipulation.

SO STIPULATED AND AGREED.

KAUFMAN LIEB LEBOWITZ
& FRICK LLP

SILVERMAN & ASSOCIATES

/s/ David A. Lebowitz
David A. Lebowitz
Shirley LaVarco

/s/ Valentina Lumaj (with permission)
Caroline B. Lineen
Valentina Lumaj

18 E. 48th Street, Suite 802
New York, New York 10017
dlebowitz@kllflaw.com

445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
clineen@silvermanandassociatesny.com
vlumaj@silvermanandassociatesny.com

*Attorneys for Plaintiffs*

*Attorney for Defendants*

SO ORDERED.

_____
Hon. Cathy Seibel
United States District Judge

1/27/26

10

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTEN ORTIZ, on behalf of her minor son, M.O., <br><br>         Plaintiff, <br><br> -against- <br><br> NEWBURGH ENLARGED CITY SCHOOL DISTRICT, NEWBURGH ENGLARGED CITY SCHOOL DISTRICT BOARD OF EDUCATION, RODERICK PHOENIX, BECKNER JOSEPH, ERIKA BERRIOS, ELIZABETH DEFRANCESCO, and CHRISTOPHER BAYER, <br><br>         Defendants. | No.  7:25-cv-06878-CS |

I have read the Stipulation and Protective Order regarding Confidential Materials entered in the above-captioned action, and I understand its terms. I agree not to use or disclose Confidential Materials, as that term is defined therein, for any purpose other than in connection with the prosecution of this case. I understand that I am submitting to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that any willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____                    _____

Date                                      Signature

_____

Print Name

11